Hall *v.* Perry.

*J. E. Jewett,* for appellant.

*W. W. Williamson,* for appellee.

————◆————

## HALL *v.* PERRY.

Parole proof admissible to show that the consideration money named in a deed had not been paid, and to show that the deed did not name the true amount. Such proof should be strong and positive.

Appeal *from Polk District Court.*

*Opinion by* Greene, J. This suit was commenced by E. Hall, in the Polk county court, against J. M. Perry, as administrator of the estate of John Norley, on a book account. Plaintiff having recovered judgment for less than

Hall *v.* Perry.

he claimed, took an appeal to the district court, where judgment was rendered in favor of defendant.

On the trial it appeared that the plaintiff had, among other items, sued for the purchase money of two tracts of land, and introduced the deeds to show the sale. The deeds recited that the purchase money had been paid, and plaintiff called witnesses to prove that it had not been paid, and was different from that set out in the deed. To this proof defendant's counsel objected, and the objection was sustained by the court.

The principle is now well established that the true consideration for which a deed was given may be shown by parole proof, although it should vary the consideration named in the deed. But in such case the proof should be strong and positive. Such proof may, with equal propriety, be admitted to show that the purchase money or price agreed upon for the land had not been paid, or was not paid at the time the deed was executed and delivered. As this rule has been entertained by this court in former decisions, it is not necessary to enlarge upon it here. We conclude in the present case, that the court erred in refusing the testimony proposed.

Judgment reversed.

*W. W. Williamson* and *J. E. Jewett*, for appellant.

*C. Bates* and *J. M. Perry*, for appellee.